SO ORDERED.

SIGNED this 21 day of March, 2013.

_____

**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:

BURCAM CAPITAL II, LLC,                          CASE NO. 12-04729-8-JRL

      DEBTOR.                                         CHAPTER 11

### ORDER

This matter came before the court on CWCapital Asset Management LLC's ("CWCapital") motion for stay pending appeal. A hearing on the matter took place on March 18, 2013, in Raleigh, North Carolina.

The debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code on June 28, 2012. On September 26, 2012, the debtor filed its chapter 11 plan and disclosure statement. On December 12, 2012, the debtor filed a first modification to the plan and supplement to the disclosure statement. CWCapital filed objections to both the original plan and the modified plan, as well as a motion to dismiss the case. A hearing on CWCapital's motion to dismiss and the confirmation of the chapter 11 plan was held on January 31, 2013 and February 1, 2013. On February 15, 2013, the court entered an order denying the motion to dismiss. On February 26, 2013, the court entered the plan confirmation order. CWCapital filed notices of appeal of the February 15, 2013 order and the

plan confirmation order.  On March 11, 2013, CWCapital filed the current motion for stay pending appeal seeking a stay of the court's orders entered on February 15, 2013 and February 26, 2013. The debtor has filed a response in opposition.

The Fourth Circuit's standard for a stay pending appeal of a bankruptcy court's decision is that for a preliminary injunction.  Coler v. Draper, 2012 WL 5267436, *3 slip op.  (D. Md.  Oct. 23, 2012).  In Real Truth About Obama, Inc. v. FEC, the Fourth Circuit, following the Supreme Court's decision in Winter v. Nat'l Res. Def. Counsel, 555 U.S. 7 (2008), stated that the standard for a preliminary injunction requires a showing that (1) the movant is likely to succeed on the merits; (2) the movant is likely to suffer irreparable harm in the absence of the injunction; (3) the balance of equities tips in his favor; and (4) the injunction is in the public interest.  575 F.3d 342 (4th Cir. 2009) *vacated on other grounds*, 130 S. Ct. 2371 (2010).   All four elements must be met. Id. (distinguishing the standard in Winter from the balancing of hardships test articulated in Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977)). This court cannot find that CWCapital has met its burden with respect to the showing of irreparable harm.

In its motion, CWCapital states that it will be irreparably harmed if the stay is not granted. In support of this contention, CWCapital relies on the fact that the plan provides for the vesting of the Property, equity interests, and management rights in the debtor upon confirmation or shortly thereafter.  It also notes that the appeals may be equitably moot if the orders are not stayed and the plan is substantially consummated prior to the determination of the appeals.  Equitable mootness is a fact-driven, fact intensive inquiry.  Equitable mootness arises generally, when a confirmed plan intertwines a third party's rights with those of the appellant and appellee. See e.g., Mac Panel Co. V. Va. Panel Corp., 283 F.3d 622 (4th Cir. 2002) (appeal was equitably moot when principal funded

-2-

the plan in reliance upon the order and appeal would adversely affect other third parties who had been paid and relied on the plan's implementation).

Here, the claims held by CWCapital are treated as fully secured. There is no dispute that there is an equity cushion of two to three million dollars in the property. Plan feasibility is not an issue. Moreover, CWCapital is entitled to start receiving payments shortly after the effective date with an interest rate that is better than that negotiated originally. CWCapital's treatment under the plan is fair and equitable. Finally, this is essentially a two party dispute where there are no third party rights that would trigger concerns of equitable mootness. In the event that the order confirming the plan is reversed, the parties can be returned to their pre-confirmation status quo, with credit given for payments made during the pendency of the appeal. Accordingly, the motion for stay pending appeal is **DENIED**.

## END OF DOCUMENT